Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>S D FLOORING, INC., a California corporation,<br><br>          Defendant. | Case No:  C09-5524 SI<br><br>**NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant S D FLOORING, INC., a California corporation, or successor entities ("Defendant"), as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

P:\CLIENTS\FLRCL\S D Flooring, Inc\Pleadings\C09-5524 SI - Judgment Pursuant to Stipulation 011110.docx

2.     Steven de Figueiredo, RMO/CEO/President of Defendant S D Flooring, Inc., hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Conference Order; Standing Order for All Judges of the Northern District of California; Judge Illston's Standing Order; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; and Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-2-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5524 SI**

3.      Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 1/1/07 – 12/31/07 | 10% Liquidated Damages | $7,093.00 | |
| | | | $7,093.00 |
| February 2009 | 20% Liquidated Damages | $3,860.31 | |
| | 5% Interest (4/1/09 – 4/15/09) | $39.66 | |
| | | | $3,899.97 |
| March 2009 | Contribution Balance | $27,282.05 | |
| | 20% Liquidated Damages | $5,456.41 | |
| | 5% Interest (through 12/3/09) | $810.99 | |
| | | | $33,549.45 |
| April 2009 | 20% Liquidated Damages | $4,340.87 | |
| | 5% Interest (6/1/09 – 6/15/09) | $44.60 | |
| | | | $4,385.47 |
| May 2009 | Contributions | $27,207.68 | |
| | 20% Liquidated Damages | $5,441.54 | |
| | 5% Interest (through 12/3/09) | $581.42 | |
| | | | $33,230.64 |
| August 2009 | Contribution Balance | $88.79 | |
| | 20% Liquidated Damages | $4,451.60 | |
| | 5% Interest (through 12/3/09) | $61.15 | |
| | | | $4,601.54 |
| September 2009 | Contributions | $23,031.67 | |
| | 20% Liquidated Damages | $4,606.33 | |
| | 5% Interest (through 12/3/09) | $104.12 | |
| | | | $27,742.12 |
| 6/1/04 – 8/31/07 Audit | Under Payments | $28,467.19 | |
| | Liquidated Damages | $750.00 | |
| | Interest | $5,202.59 | |
| | Testing Fees | $1,126.00 | |
| | Improper Payments | ($259.86) | |
| | | | $35,285.92 |
| **SUBTOTAL** | | | **$149,788.11** |
| **Attorneys' Fees (through 12/3/09)** | | | **$1,655.00** |
| **Cost of Suit** | | | **$350.00** |
| **11/23/09 Payment** | | | **($6,000.00)** |
| **12/29/09 Payment** | | | **($6,938.00)** |
| **TOTAL DUE** | | | **$138,855.11** |

4.      Defendants shall *conditionally* pay the amount of **$102,855.05**, representing all above amounts, less liquidated damages in the amount of **$36,000.06** *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation,* as follows:

(a)     Beginning on January 31, 2010, and no later than the last calendar day of each month thereafter for a period of twelve (12) months, through and including December 31, 2010, Defendant shall pay to Plaintiffs the amount of **$8,805.00** per month.  Payments may be made by joint check, to be endorsed prior to submission;

(b)     Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment.  Defendant may request a "payout demand" at any time during the payment period;

(c)     Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(d)     Payments shall be made payable to the "***District Council 16 Health and Welfare Trust Fund***" and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104, **to be received on or before the last calendar day of each month**, or to such other address as may be specified by Plaintiffs;

(e)     Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and additional attorneys' fees and costs as well as any other amounts due under the terms herein.  Said amount shall be paid with the last payment, on or before December 31, 2010.  The final payment shall not include the liquidated damages that have been conditionally waived.  After the final payment is submitted and clears the bank and once Defendant's account with the Trust Funds is otherwise current, Plaintiffs shall submit the request for waiver to the Trustees.  Said waiver request ***shall not be considered unless and until all obligations hereunder have been met***, including but not limited to payment of all amounts due under the terms of the Stipulation and remaining current in contributions owed to the Trust Funds.

Plaintiffs shall advise Defendant thereafter as to whether the conditional waiver of liquidated damages has been granted in whole or in part.  If liquidated damages remain due, these

1  amounts will be paid upon demand in one lump sum payment.  In the event that Defendant cannot

2  make payment in full of the remaining liquidated damages, Defendant may request an extension of

3  the payment plan herein.

4       5.     Beginning with contributions due for hours worked by Defendant's employees

5  during the month of November 2009, to be postmarked no later than December 15, 2009 and

6  delinquent if not received by December 31, 2009, and for every month thereafter, Defendant **shall**

7  **remain current in reporting and payment of any contributions** due to Plaintiffs under the

8  current Collective Bargaining Agreement and under all subsequent Collective Bargaining

9  Agreements, if any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of the**

10 **contribution report for each month, together with a copy of that payment check, to Michele**

11 **R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.  To the**

12 **extent that Defendant is working on a Public Works job, or any other job for which**

13 **Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R.**

14 **Stafford, concurrently with their submission to the general contractor, owner or other**

15 **reporting agency**.

16      6.     Failure by Defendant to remain current in reporting or payment of contributions

17 shall constitute a default of the obligations under this agreement.  Any such unpaid or late paid

18 contributions, together with 20% liquidated damages and 5% per annum interest accrued on

19 contributions, shall be added to and become a part of this Judgment and subject to the terms

20 herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

21 Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

22 any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

23 to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

24 are in addition thereto.  Defendant specifically waives the defense of the doctrine res judicata as to

25 any such additional amounts determined as due.

26      7.     Defendant shall make full disclosure of all jobs on which they are working by

27 providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

28                          -5-

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5524 SI**

1  and address of job, general contractor, certified payroll if a public works job, and period.

2  **Defendant shall fax said updated list each month together with the contribution report (as**

3  **required by this Stipulation) to Michele R. Stafford at 415-882-9287.**

4        8.      Steven de Figueiredo acknowledges that he is the RMO/CEO/President of S D

5  FLOORING, INC., and that he specifically consents to the Court's jurisdiction as well as the use

6  of a Magistrate Judge for all proceedings herein.  Mr. Figueiredo (hereinafter "Guarantor") also

7  confirms that he is personally guaranteeing the amounts due pursuant to the terms of this

8  Stipulation and further acknowledges that all affiliates, related entities and successors in interest to

9  S D FLOORING, INC. and/or any subsequent entity wherein Mr. Figueiredo is a principal shall

10  also be bound by the terms of this Stipulation as Guarantors, and also consents to this Court's

11  jurisdiction as well as the use of a Magistrate Judge.

12        9.      In the event that any check is not timely submitted, or submitted by

13  Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for

14  which Defendant/Guarantor is responsible, this shall be considered to be a default on the Judgment

15  entered.  If Defendant/Guarantor fails to submit its contribution reports, certified payroll reports (if

16  any) and job lists or fails to comply with *any* of the terms of the Stipulation herein, this too shall

17  constitute a default.

18        If a default occurs, Plaintiffs shall make a written demand, sent via email and facsimile to

19  Defendant/Guarantor to cure said default.  Default will only be cured by the issuance of a

20  replacement, cashier's check if the default is caused by a failed check, or at the request of

21  Plaintiffs, to be delivered to Saltzman and Johnson Law Corporation within seven (7) days of the

22  date of the notice from Plaintiffs.  If Defendant/Guarantor elects to cure said default, and Plaintiffs

23  elect to accept future payments, all such payments shall be made by cashier's check if the default

24  is caused by a failed check or upon request by Plaintiffs.

25        10.     In the event the default is not cured, all amounts remaining due hereunder,

26  including conditionally waived liquidated damages, as well as any additional amounts due

27  pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

28

(a)     The entire amount of **$138,855.11** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs and other amounts due herein;

(b)     A writ of execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default.   <u>Defendant/Guarantor specifically consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution</u>;

(c)     Defendant/Guarantor waives notice of entry of judgment and expressly waives all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a writ of execution;

(d)     Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation.

11.     Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

12.     In the event of the filing of a bankruptcy petition by Defendant and/or Guarantor, the parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference

P:\CLIENTS\FLRCL\S D Flooring, Inc\Pleadings\C09-5524 SI - Judgment Pursuant to Stipulation 011110.docx

1  under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no

2  bankruptcy filing is anticipated.

3        13.    Should any provision of this Stipulation be declared or determined by any court of

4  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

5  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

6  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

7  Stipulation.

8        14.    This Stipulation is limited to the agreement between the parties with respect to the

9  delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the

10 Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.

11 Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue

12 withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan

13 Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the

14 law.

15       15.    This Stipulation may be executed in any number of counterparts and by facsimile,

16 each of which shall be deemed an original and all of which shall constitute the same instrument.

17       16.    The parties agree that the Court shall retain jurisdiction of this matter until this

18 Judgment is satisfied.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5524 SI**

P:\CLIENTS\FLRCL\S D Flooring, Inc\Pleadings\C09-5524 SI - Judgment Pursuant to Stipulation 011110.docx

17.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: January 12, 2010                    **S D FLOORING, INC.**


By: _____/s/_____
Steven de Figueiredo
RMO/CEO/President

Dated: January 12, 2010                    **STEVEN de FIGUEIREDO**


By: _____/s/_____
Individually

Dated: January 12, 2010                    SALTZMAN & JOHNSON
LAW CORPORATION


By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: __1/12/10_____, 2009

_____
UNITED STATES DISTRICT COURT JUDGE

-9-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C09-5524 SI**

P:\CLIENTS\FLRCL\S D Flooring, Inc\Pleadings\C09-5524 SI - Judgment Pursuant to Stipulation 011110.docx

17.    All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

Dated: January 12, 2010                S D FLOORING, INC.

                                       By: _____
                                           Steven de Figueiredo
                                           RMO/CEO/President

Dated: January 12, 2010                STEVEN de FIGUEIREDO

                                       By: _____
                                           Individually

Dated: January 12, 2010                SALTZMAN & JOHNSON
                                       LAW CORPORATION

                                       By: _____
                                           Michele R. Stafford
                                           Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: _____, 2009

                                       _____
                                       UNITED STATES DISTRICT COURT JUDGE